IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUIS ADRIAN ESCALANTE-GONZALEZ,

    Petitioner,

v.                                                  No. 20-cv-1323 RB-KBM
                                                     No. 20-cr-1397 RB-KBM

UNITED STATES OF AMERICA,

    Respondent.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the Motion to Vacate under 28 U.S.C § 2255 *(Doc. 1)*, filed by Luis Adrian Escalante-Gonzalez ("Petitioner") on December 18, 2020. Presiding Senior District Judge Robert Brack referred this matter to me on April 14, 2022 "to conduct hearings, if warranted including evidentiary hearing, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." *Doc. 8.*

Having given due consideration to the parties' submissions,[1] the relevant law, and the court files, I will recommend that Escalante-Gonzalez's § 2255 motion be denied and this case be dismissed with prejudice. I further find an evidentiary hearing to be unnecessary because the motion and the court record conclusively establish that Escalante-Gonzalez is entitled to no relief. *See* 28 U.S.C. § 2255(b) (a court must hold

---

[1] Petitioner was given an opportunity to file a reply by September 16, 2022 to the Government's Response, but he failed to do so. *See Doc. 14.*

an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

Petitioner's sole claim lies in alleged ineffective assistance of his trial attorney in connection with his guilty plea. In order to prevail on his ineffective assistance of counsel claim, Petitioner must demonstrate under the first prong of the analysis pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), that his trial attorney failed to render "reasonably effective assistance." *See id.* at 687. Courts give "considerable deference to an attorney's strategic decisions." *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002). Likewise, "[c]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994). In order to qualify as deficient, an attorney's performance must be "completely unreasonable, not merely wrong." *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010) (quoting *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999)). A § 2255 movant "bears a heavy burden" to overcome the presumption of reasonable performance. *Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir. 2000) (citation omitted).

In this case, Petitioner asserts that he received ineffective assistance of counsel because his court-appointed attorney miscalculated his applicable range under the Federal Sentencing Guidelines. Indeed, Petitioner has submitted a December 4, 2020 letter from his attorney in the criminal case, AFPD Greg Garvey, acknowledging that Escalante-Gonzalez pled guilty after he had "misadvised" his client as to the applicable guideline range. *Doc. 1* at 13. In his Motion, Petitioner contends that Garvey told him that the applicable guideline range would be 36 to 48 months incarceration. *Doc.* 1 at 4.

Instead, the Presentence Report prepared by Probation reflects an offense level of 23 and a criminal history category of V, resulting in a calculated guideline range of 84 to 105 months. *See* 2:20-cr-01397 RB, *Doc.* 21 at 10. Judge Brack sentenced Petitioner at the low end to 84 months imprisonment on the reentry charge in the indictment and a concurrent 18-month sentence on the violation of supervised release that had been imposed in 2:20-cr-1194 RB.

Yet even assuming that Petitioner was indeed given inaccurate information by his attorney as to the applicable sentencing guideline range, Section 2255 provides no relief. Well-settled law establishes that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570–71 (10th Cir. 1993) (citations omitted).

And, as in the *Gordon* case, Petitioner cannot demonstrate prejudice under *Strickland's* second prong of the analysis. At the plea hearing, Magistrate Judge Gregory Fouratt specifically advised Petitioner:

> THE COURT: Sir, I know that just about the most important topic that you and [Mr. Garvey] must have discussed is what he estimates your sentence might be if you plead guilty. And I know there's a probation case or a supervised release case that's ongoing, as well. We're not really talking about that case today. But I know that you and he have talked both about your sentence for this case, the reentry, the new case, as well as what possible sentence you might get for the supervised release. And I have to tell you, sir, I don't blame you. If I were in your position, that would the most important thing I would want to know, I think, from my attorney. But please understand that no matter how experienced Mr. Garvey is, no matter how many people in your position he has represented and counseled in the last decade, whatever he's told you is not binding on Judge Brack, who is your sentencing judge. Do you understand that?
>
> DEFENDANT: Yes.
>
> THE COURT: …[I]t's possible that [Judge Brack's] sentence could be longer

3

> than, and maybe even much longer than, the estimate Mr. Garvey has given you. If that were to happen, do you understand that you're not going to be able to withdraw your guilty plea?
>
> DEFENDANT: Yes, I do.

*Doc. 13-1* at 15-16. Thus, the record establishes that Petitioner was aware at the time of his guilty plea that the sentence he received could be much more severe than his attorney's estimate. Because he nonetheless knowingly and voluntarily decided to plead guilty, Petitioner cannot show prejudice as to his attorney's incorrect prediction of the applicable guideline range.

Moreover, in the context of assuring Petitioner's satisfaction with his attorney's advice and representation at sentencing, Judge Brack explored the issue that is now raised:

> THE COURT: Mr. Garvey has represented you. Are you satisfied with his advice?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Any complaints at all about your lawyer?
>
> THE DEFENDANT: No, I mean, I just...when I signed for the guilty plea, I signed knowing that I was looking at less time, but it's -- he cleared everything up to me.
>
> THE COURT: All right. So you said there was some questions, but, finally, Mr. Garvey cleared those up for you?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And so you don't have any complaints about your lawyer at this time?
>
> THE DEFENDANT: No, I don't.

*Doc. 13-2* at 8. And, as noted in the Government's Response, "Escalante-Gonzalez proceeded with his sentencing hearing *after* learning of his higher guideline range.

4

There is nothing in the record to suggest that he ever considered withdrawing from his plea or proceeding to trial." *Doc. 13* at 8 (emphasis in original).

## Conclusion

Because the record conclusively establishes that Petitioner cannot demonstrate ineffective assistance of counsel under either prong of the *Strickland* analysis,

**IT IS HEREBY RECOMMENDED** that Petitioner's Motion to Vacate under 28 U.S.C § 2255 *(Doc. 1)* be denied and the matter be dismissed with prejudice.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE